Kevin Fallon McCarthy (#011017)
Jacob W. Hippensteel (#032713)
Michael D. Adams (#035190)
Michael.adams@mccarthylawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Burns,<br><br>     Plaintiff,<br><br>v.<br><br>Citibank, N.A., HSBC Bank USA, N.A., and Equifax Information Services, LLC,<br><br>     Defendants. | Case No.:<br><br><br>**COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Pima County Arizona.

3.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.      Defendant, Citibank, N.A. (hereinafter "Citibank") is a corporation existing and operating under the laws of the State of Arizona and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5.      At all times pertinent hereto, Citibank was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6.      Defendant, HSBC Bank USA, N.A. (hereinafter "HSBC") is a corporation existing and operating under the laws of the State of Arizona and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

7.      At all times pertinent hereto, HSBC was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

8.      Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Arizona.

9.      Defendant Equifax is, and at all times relevant hereto were, regularly doing business in the State of Arizona.

10.     Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

11.     Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

12.     At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

**JURISDICTION AND VENUE**

13.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Pima County, Arizona and Defendants do business in Arizona.

15. Personal jurisdiction exists over Defendants as Plaintiff resides in Arizona, Defendants have the necessary minimum contacts with the state of Arizona, and this suit arises out of specific conduct with Plaintiff in Arizona.

**FACTUAL ALLEGATIONS**

16. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Citibank, HSBC, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

17. Equifax is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

20. In December 2022 Plaintiff discovered the Plaintiff's Citibank account (the "Citi Account") being reported in error – specifically it was reporting with a balance due.

21. Citibank assigned the Account to LVNV Funding, LLC ("LVNV").

22. Once assigned the Account, LVNV began reporting the Account on Plaintiff's consumer reports.

23. LVNV reports the Account with a balance past due on Plaintiff's Equifax consumer report.

24. Because Citibank and LVNV both report the Citi Account with a balance past due on Plaintiff's Equifax report, Plaintiff's outstanding debt and number of delinquent accounts is overstated.

25. The inaccurate reported Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

26. The Citi Account does not reference LVNV in its reporting on Plaintiff's Equifax consumer report.

27. The false information regarding the Citi Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

28. In 2021, HSBC canceled the alleged debt of Plaintiff for account number ending 70010 (the "HSBC Account").

29. HSBC issued Plaintiff an IRS Form 1099-C, stating it cancelled the debt in the amount of $1,112.93.

30. The form 1099-C canceled the balance owed on the HSBC Account.

31. The Identifiable Event Code on the 1099-C is marked "F"—indicating that the creditor has made a decision or policy to cancel the debt at less than full consideration.

32. Upon information and belief, HSBC submitted the form 1099-C to the IRS, reporting the debt canceled as income attributable to Plaintiff.

33. Because of this, Plaintiff was obligated to pay taxes on the cancelled debt.

34. Prior to issuing the form 1099-C, HSBC actively attempted to collect the debt from Plaintiff using telephone calls, letters, and collection notices.

35. After cancelling the debt, HSBC discontinued efforts to collect the remaining debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

36. Prior to cancelling the debt, HSBC provided periodic statements and letters containing information about the HSBC Account.

37. After cancelling the debt, HSBC discontinued its practice of providing periodic statements and letters containing information about the HSBC Account.

38. Based on the issuance of the form 1099-C, and on HSBC's activity or inactivity related to collecting the debt, it is clear that HSBC has cancelled the debt associated with the

HSBC Account.

39. Plaintiff relied on receipt of the IRS Form 1099-C from HSBC in her decision-making and activities concerning the Account.

40. In spite of cancelling the debt, HSBC continued, erroneously, to report a balance due on the HSBC Account to the credit reporting agencies, which appeared on Plaintiff's consumer reports.

41. In or about December 2022, Plaintiff obtained a copy of her credit reports from Equifax.

42. Upon review of Plaintiff's credit reports, Plaintiff observed that HSBC was reporting that Plaintiff owed a past due balance on the HSBC Account on Plaintiff's Equifax credit reports.

43. The false information regarding the HSBC Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

44. Equifax published the false information regarding the Citi Account and HSBC Account (collectively the "Accounts") to third parties.

**PLAINTIFF'S WRITTEN DISPUTE**

45. Plaintiff sent a written dispute to Equifax (the "Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

46. Despite the clarity and detail provided in the Dispute the Accounts continued to appear on Plaintiff's Equifax consumer report with a balance past due.

47. Upon information and belief, Equifax forwarded Plaintiff's Written Dispute to Defendants Citibank and HSBC.

48. Upon information and belief, Citibank and HSBC each received notification of Plaintiff's Written Dispute from Equifax.

49. Citibank did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Citi Account information with respect to the disputed information and the accuracy of the Citi Account.

50. HSBC did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying HSBC Account information with respect to the disputed information and the accuracy of the HSBC Account.

51. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

52. Upon information and belief, Citibank failed to instruct Equifax to remove the false information regarding the Citi Account reporting on Plaintiff's consumer report.

53. Upon information and belief, HSBC failed to instruct Equifax to remove the false information regarding the HSBC Account reporting on Plaintiff's consumer report.

54. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Written Dispute.

55. At no point after receiving the Written Dispute did Citibank, HSBC, and/or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Dispute.

56. Equifax relied on its own judgment and the information provided to it by Citibank and HSBC rather than grant credence to the information provided by Plaintiff.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

57. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

58. After receiving the Written Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

59. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

60. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

64. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

65. After receiving the Written Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

66. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

67. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

70. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – CITIBANK

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

71. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

72. After receiving the Written Dispute, Citibank failed to correct the false information regarding the Citi Account reporting on Plaintiff's consumer report.

73. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant Citibank's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Citibank's representations to consumer credit reporting agencies, among other unlawful conduct.

74. As a result of this conduct, action, and inaction of Defendant Citibank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

75. Defendant Citibank's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

76. In the alternative, Defendant Citibank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

77. Plaintiff is entitled to recover costs and attorney's fees from Defendant Citibank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV – HSBC

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

78. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

79. After receiving the Written Dispute, HSBC failed to correct the false information regarding the HSBC Account reporting on Plaintiff's consumer report.

80. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant HSBC's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant HSBC's representations to consumer credit reporting agencies, among other unlawful conduct.

81. As a result of this conduct, action, and inaction of Defendant HSBC, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82. Defendant HSBC's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83. In the alternative, Defendant HSBC was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

84. Plaintiff is entitled to recover costs and attorney's fees from Defendant HSBC pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: March 28, 2023

/s/ Michael D. Adams
Michael D. Adams
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff